JAMES BRADFORD COMPANY *vs.* EDWARD HILL'S SON AND COMPANY.

1.   EVIDENCE—NO FIXED RULE AS TO TIME ALLOWED DEFENDANT TO PRODUCE BOOKS.
    The time which should be allowed a defendant in which to produce books, on application by plaintiff under *Rev. Code* 1915, § 4228, should be determined by the particular facts disclosed in the case.

2.   EVIDENCE—DEFENDANT NOT REQUIRED TO PRODUCE BOOKS AT TRIAL BY REASON OF LACK OF TIME.
    Where plaintiff, under *Rev. Code* 1915, § 4228, presented a written motion on the morning preceding the day the case was set for trial, after notice to counsel for defendant on the morning before, for an order upon the defendant, a corporation of the state of New York, with its office and books in the city of New York, to produce certain books of the company on or before the hour set for trial, in Delaware,   an order compelling defendant to produce the books in question should not be made.

(*January* 27, 1920.)

CONRAD and HEISEL., J. J., sitting.

*Eugene E. Berl* and *James H. Hughes, Jr.,* for plaintiff.

*Reuben Satterthwaite, Jr.,* for defendant.

Superior Court for New Castle County, January Term, 1920.

FOREIGN ATTACHMENT, No. 41, September Term, 1917.

Action by the James Bradford Company against Edward Hill's Son and Co. On motion for production of books. Motion denied.

Plaintiff, under *Rev. Code,* § 4228, presented a written motion to the court on the morning preceding the day this case was set for trial, and after notice to counsel for defendant on the morning before, for an order upon the defendant company, a corporation of the state of New York, with its office and books in the city of New York, to produce certain books of the defendant company in its possession or control, on or before the hour set for the trial Counsel for the defendant contended (1) that if the court should decide that the books mentioned in the petition contained evidence pertinent to the issue, it would be impossible to produce them before, or at the trial; and (2) that if the order to produce should be made, the time when they must be produced should, under the circumstances, be longer than 10 o'clock to-morrow morning.

HEISEL, J.:—[1, 2] We are not aware of any application under this section of the *Code* where the Court has determined the question here raised. We shall not attempt to lay down any general rule as to the length of time which should be allowed defendant in which to produce the books, and think that the time in each case should be determined by the particular facts disclosed in that case. Under the circumstances of this case, we are of the opinion that an order compelling the defendant to produce the books in question by 10 o'clock to-morrow morning should not be made.